WILSON C. MORRISON, Plaintiff in Error vs. THE CITY OF SAINT PAUL, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

(See case of *E. A. Weller vs. City of St. Paul, ante p.* 95.)

Points and authorities of Plaintiff in Error.

*First.*—The relief demanded in this action is duplex, *i. e.* to discharge the lands described from the lien created by the statute and to cancel the certificate.

*Second.*—The statute being a part of the complaint it appears that the certificates are not invalid upon their face.

*Third.* The action is authorized by statute, but regardless of the statute it is an action peculiarly cognizable by a Court of Equity, whether considered in its object to remove a cloud or to cancel the evidence of a debt, which is floating and may be (whether void or not) vexatiously litigated at a time when disproof of its validity may be unattainable. *Vide* 2 *Story's Eq. Sec.* 699, 700 *and cases cited ; Hamilton vs. Cummings,*

1 *Johns. Ch. R.* 517 ; *Bromley vs. Holland,* 7 *Vesey* 2 ; *Jackman vs. Mitchell,* 13 *Vesey,* 501 ; *Hayward vs. Druidade,* 17 *Vesey,* 110 ; *Chipman vs. The City of Hartford,* 21 *Conn.* 488; 6 *Peters,* 9 ; *Bayuke vs. Cohen,* 1 *McAll Cal.* 113 ; *Lourigs vs. Downer, Ib.* 360 ; *Collins vs. Barksdale,* 23 *Geo.* 602 ; *Saltmaule vs. Smith,* 32 *Ala.* 404 ; *Shell vs. Martin,* 19 *Ark.* 139 ; *Guy vs. Humance,* 5 *Cal.* 73.

Tax Deeds are made *prima facie* evidence of title. *Compiled Stats. pp.* 242 *and* 243, *Sec.* 72 ; *Vide Smith vs. Onderdonk,* 4 *Kernan.*

*Fourth.*—The reasons which operated upon Courts of Chancery to ignore jurisdiction in doubtful cases do not exist now that the same Court has cognizance of cases both at law and in equity.

*Fifth.*—Cases referred to in brief of Defendant in Error, 5th point, have no application here and so far as they go concede jurisdiction in cases where there is a want of power in the officers of the corporation to compel witnesses, &c., to elicit the facts. *Vide opinion of Ch. Walworth,* 6 *Paige,* 624.

2. A writ of certiorari would not lie to remove such proceedings to the Supreme Court. The statute obviously contemplates the writ of certiorari when other remedies are wanting. This writ can never be invoked where there is another remedy. *Vide People vs. Supervisors of Queens Co.* 1 *Hill,* 195 ; *Woodward vs. Covert, Ib.* 674.

*Sixth.*—The provisions of *Section* 26, *Chap.* 8, apply to a different class of cases. It could in no event have force to prevent the relief asked by cancelling the certificate. The Section referred to is however unconscionable and unconstitutional. (*See Bill of Rights, Sec.* 8.) Here no assessment has in fact been made.

*Seventh.*—The statute provides that the expense of such improvements shall be "chargeable to the lots fronting on the street or alley." The answer admits that it was charged to the lots fronting on the improvement. This is clearly erroneous and avoids the assessment. *Vide Sec.* 5, *Chap.* 7, *City Charter, Laws of* 1854. Also *Sec.* 7 *of same Chapter, (in pari materia.) McComb vs. Bell,* 2 *Minn. Rep.* 307 ; *Sherwood vs. Reade et als.* 7 *Hill* 431 ; *et ubique.*

14

(The Defendant in Error relied upon the same points and authorities as are cited in Weller vs. The City of St. Paul, ante p. 95.)

John B. Brisbin, Counsel for Plaintiff in Error.

Samuel R. Bond, City Attorney, with Henry J. Horn, Counsel for Defendant in Error.

*By the Court.*—Atwater, J.   This action was brought by the Plaintiff in Error, to obtain the same relief, as that claimed in *Weller vs. The City of St. Paul*, (*ante page* 95,) and upon the same grounds. An answer was filed and an application was made by both parties for judgment upon the pleadings. The application of the Defendant was granted. and the Plaintiff sued out a writ of error.

The Plaintiff in his complaint alleges substantially the same errors in the assessment as those complained of in the case of *Weller vs. the City of St. Paul.* The answer denies the allegation that no estimate of the expense of the grading was made and filed with the Comptroller, as required by *Sec.* 6, *of Chap.* 7, *Sess. Laws of* 1854, *p.* 30, but admits that the expense of grading was not assessed upon the lots fronting on the street, and alleges that it was assessed upon the lots fronting on the street graded, which were benefited. The Court held in the case of *Weller vs. The City of St Paul*, that such an assessment is unauthorized by law, and the error would vitiate the assessment. And as it also appears in this case, that a tax deed is about to be given of the lots belonging to the Plaintiff, which were sold under the assessment, the Plaintiff in Error is entitled to have the sale under the certificate mentioned in the complaint declared null and void, and the certificate delivered up to be cancelled.

*Emmett, C. J., dissents.*